**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50227 |
| Plaintiff - Appellee, | D.C. No. CR-05-00680-DDP |
| v. | |
| RAMIN SHIRAZI, a/k/a RAMIN KANDALCHI SHIRAZI, RAMIN KANDACHI, and RAMIN SHIRAZI KANDALCHI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted December 11, 2009[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  HALL and SILVERMAN, Circuit Judges, and CONLON, *** District Judge.

Ramin Shirazi appeals the 63-month sentence he received after pleading guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  The district court counted a state vehicle theft conviction as criminal history rather than relevant conduct under the advisory sentencing guidelines.  The vehicle theft conviction increased Shirazi's criminal history category to III and yielded an advisory guideline range of 63 to 78 months.  We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  The district court's determination that the vehicle theft conviction is a prior sentence for enhancement purposes is reviewed *de novo*.  *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009).  We affirm.

The computation of a sentencing guideline range includes criminal history points for most prior sentences.  U.S.S.G. §§ 4A1.1, 4A1.2; *Cruz-Gramajo*, 570 F.3d at 1167.  However, a prior sentence is not included in the criminal history calculation if the earlier conviction was for relevant conduct that was part of the offense currently before the court for sentencing.  U.S.S.G. § 4A1.2(a)(1) and cmt. n.1; *Cruz-Gramajo*, 570 F.3d at 1167-68.  Relevant conduct includes actions that

*** The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

are part of the same course of conduct with respect to offenses involving substantially the same harm; conduct that is a specific offense characteristic, cross-reference, or adjustment to the offense under consideration for sentencing; offenses that are grouped under § 3D1.2(d) to calculate the offense level; or offenses that occur during the commission of, in preparation for, or in the course of attempting to avoid detection or responsibility for the offense under consideration for sentencing. U.S.S.G. §§ 1B1.3(a)(1) and (2); *Cruz-Gramajo*, 570 F.3d at 1168.

Shirazi's vehicle theft does not involve the same harm as his bank robberies, and the vehicle theft is not sufficiently related to the bank robberies to constitute the same course of conduct. U.S.S.G. §§ 1B1.3(a)(2), 3D1.2(d). The vehicle theft conviction is for stealing his employer's van on April 18, 2005. He robbed the banks on May 11 and 18, 2005. Shirazi argues without record support that he used the stolen van to rob the banks. Even if that were the case, the vehicle theft and bank robberies occurred a month apart, involve different victims, and are entirely different crimes. *Id.* § 1B1.3 cmt. n.9(B); *United States v. Ladum*, 141 F.3d 1328, 1347-48 (9th Cir. 1998). A temporal link between the crimes alone is insufficient to establish Shirazi stole the van during, in preparation for, or in the course of attempting to avoid detection for the bank robberies. U.S.S.G. § 1B1.3(a)(1);

*Cruz-Gramajo*, 570 F.3d at 1172.  The district court did not err in including the vehicle theft conviction as part of Shirazi's criminal history.

**AFFIRMED.**